# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) <br> ) <br> v. ) <br> ) <br> **SERGIO QUINONES-DAVILA,** ) <br> **OMY A. GUTIERREZ-CALDERON,** ) <br> **JOSE R. HODGE,** ) <br> **ANIBAL A. VEGA-ARIZMENDI,** ) <br> **JESUS BURGOS-MONTANEZ, and** ) <br> **JEAN CARLOS VEGA-ARIZMENDI,** ) <br> ) <br> **Defendants.** ) <br> _____) | Criminal Action No. 2016-0009 |

**Attorneys:**
**Alphonso G. Andrews, Jr., Esq.,**
St. Croix, U.S.V.I.
**Everard E. Potter, Esq.,**
St. Thomas, U.S.V.I.
    *For the United States*

**Kye Walker, Esq.,**
St. Croix, U.S.V.I.
    *For Defendant Sergio Quinones-Davila*

**Mark L. Milligan, Esq.,**
St. Croix, U.S.V.I.
    *For Defendant Omy A. Guiterrez-Calderon*

**Renee D. Dowling, Esq.,**
St. Croix, U.S.V.I.
    *For Defendant Jose R. Hodge*

**Eszart A. Wynter, Esq.,**
St. Croix, U.S.V.I.
    *For Defendant Anibal A. Vega-Arizmendi*

**Yohana M. Manning, Esq.,**
St. Croix, U.S.V.I.
    *For Defendant Jesus Burgos-Montanez*

**Robert J. Kuczynski, Esq.,**
St. Croix, U.S.V.I.
    *For Defendant Jean Carlos Vega-Arizmendi*

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on the Government's "Motion *in Limine* Re Text Messages and Prior Trial" ("Motion") (Dkt. No. 1051), and Defendant Sergio Quinones-Davila's Response to the Government's Motion (Dkt. No. 1073).[1] For the reasons that follow, the Government's Motion will be granted in part and denied in part.

A second trial in this matter is scheduled to begin on April 16, 2018. In its Motion, the Government requests that the Court issue an Order precluding Defendants from making reference during the second trial to the fact that a prior trial occurred. (Dkt. No. 1051 at 1). In support of its request, the Government asserts that "[s]uch references carry the potential of prejudice as [they] leave[] the jury to speculate as to the outcome or reasons for the outcome of the prior trial." *Id.* at 2. The Government points the Court to the Sixth Circuit case of *Colvin v. Sheets*, 598 F.3d 242 (6th Cir. 2010), which described an agreement between the parties in a second trial that "any reference to testimony in the first trial for impeachment purposes would be characterized as 'testimony in a prior proceeding.'" *Id.* at 245. The Government requests that the Court resolve the issue of references to the first trial in this case through a similar requirement. (Dkt. No. 1051 at 2).

In his Response, Defendant Quinones-Davila states that he "does not object to an order barring reference to a prior trial," and adopts the Government's recommendation that the first trial be characterized as a "prior proceeding" in any testimony during the second trial. (Dkt. No. 1073 at 1-2). In light of the apparent agreement of the parties, and the Court's concurrence therewith, that any potential prejudice presented by references to the first trial can be cured through a requirement for the second trial that the parties characterize the first trial as a "prior proceeding," the Court will grant the Government's request for an Order precluding the parties from referencing the fact that a prior trial

---

[1] None of the other Defendants responded to the Government's Motion.

2

occurred.[2] The Court will require the parties to describe the first trial as a "prior proceeding" in any references to the first trial made by counsel for the parties or by the parties' witnesses during the second trial.

The Government also requests that the Court issue an Order precluding Defendants from making any reference in the second trial to text messages sent between case agent Brian Gaumond ("Gaumond") and witness Timothy Schoenbohm ("Schoenbohm") during the first trial. (Dkt. No. 1051 at 2). The Government argues that the "use of communication that occurred during the prior trial to impeach either [G]overnment witness is improper since any such communication related to that trial and whether 'during trial' communication was appropriate before the witness testified." *Id.* at 1. The Government cites no legal authority supporting its position.

In his Response, Defendant Quinones-Davila opposes the Government's request for the exclusion of any reference to the text messages during the second trial. (Dkt. No. 1073 at 1). Defendant Quinones-Davila argues that, although the text messages were sent during the first trial, they remain relevant to the credibility of the Government's witnesses in that they show, *inter alia*, collusion between the case agent and the key witness, and—particularly with respect to Schoenbohm—bias in the form of alleged benefits that Schoenbohm receives from the Government when he testifies. *Id.* at 2.[3] Defendant Quinones-Davila argues that the impact of his cross-examinations will be diminished if the Court precludes references to the text messages, resulting in a violation of his Sixth Amendment right to confront the witnesses against him. *Id.*

The Supreme Court held in *Davis v. Arizona*, 415 U.S. 308 (1974), that the "primary interest" secured by the Confrontation Clause of the Sixth Amendment "is the right of cross-examination." *Id.*

---

[2] Although the Government requests an Order specifically precluding Defendants from referencing the prior trial, the Court's Order will prohibit any party from referencing the prior trial.

[3] Specifically, Defendant Quinones-Davila states that the text messages show that Schoenbohm received benefits in the form of a "plush condo provided to Schoenbohm when he testifies . . . ." *Id.*

3

at 315 (quoting *Douglas v. Alabama*, 380 U.S. 415, 418 (1965)). Further, "the exposure of a witness' motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination." *Id.* at 316 (citing *Greene v. McElroy*, 360 U.S. 474, 496 (1959)). Nonetheless, trial courts "retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." *United States v. Chandler*, 326 F.3d 210, 219 (3d Cir. 2003), *as amended* (July 18, 2003).

Here, Defendant Quinones-Davila argues that he should be permitted to use the text messages to attack the credibility of the Government's witnesses and demonstrate bias. This use of the text messages on cross-examination is a component of Defendant Quinones-Davila's "constitutional right to probe the 'possible biases, prejudices, or ulterior motives of the witnesses' against [him]." *Id.* at 223 (quoting *Davis*, 415 U.S. at 316). The Government's only argument in support of the exclusion of the text messages is its contention that use of the text messages would be improper given that the text messages related to the first trial and whether "during trial" communication with a witness was appropriate prior to the witness' testimony. As Defendant Quinones-Davila notes in his Response, however, any potential prejudice related to the context in which the text messages were sent can be cured by a requirement that the parties refer to the first trial as a "prior proceeding." Moreover, the potential use of the text messages to show bias or to otherwise challenge a witness' motivation for testifying is acceptable on cross-examination. *Davis*, 415 U.S. at 316. The Government puts forth no argument that Defendants' use of the text messages is irrelevant, would cause harassment, prejudice, or confusion of the issues, or would jeopardize a witness' safety such as would justify a decision by the Court to limit the use of the text messages on cross-examination. Accordingly, while the Government is free to interpose objections, as it deems appropriate, to particular uses of the text

messages during the second trial, the Court will deny the Government's request for a blanket Order precluding Defendants from making any reference to the text messages sent between Gaumond and Schoenbohm during the first trial.

## ORDER

**UPON CONSIDERATION** of the foregoing, it is hereby

**ORDERED** that the Government's Motion *in Limine* Re Text Messages and Prior Trial" (Dkt. No. 1051) is **GRANTED IN PART and DENIED IN PART**; and it is further

**ORDERED** that the Government's request that the parties be prohibited from making reference to the fact that a first trial occurred during the second trial of this matter is **GRANTED**; and it is further

**ORDERED** that the parties shall describe the first trial as a "prior proceeding" in any references to the first trial made by counsel for the parties or by the parties' witnesses during the second trial of this matter; and it is further

**ORDERED** that the Government's request that Defendants be prohibited from making any references during the second trial of this matter to text messages sent between case agent Brian Gaumond and witness Timothy Schoenbohm during the first trial is **DENIED**.

**SO ORDERED**.

Date: February 28, 2018 _____/s/_____
WILMA A. LEWIS
Chief Judge